## DAVID LOUD *vs.* ABRAHAM HOBART.

The provision of the Rev. Sts. *c.* 121, § 3, limiting the costs, in certain actions origi
nally brought in the court of common pleas, in which the debt or damage recov-
ered does not exceed twenty dollars, to one quarter part of such debt or damage,
does not extend to a judgment rendered on the award of arbitrators, or to a judg-
ment which is reduced to twenty dollars or less, by reason of an account filed in
set-off, unless it might be proved in payment.

An arbitrator, appointed under a rule of the court of common pleas, in a case origi
nally commenced in that court, having awarded in favor of the plaintiff, for a sum
not exceeding twenty dollars, with " the costs of court to be taxed by the court,"
it was held, that the plaintiff was entitled to recover full costs.

THIS was an action of assumpsit, commenced in the court
of common pleas, to recover the sum of twenty-seven dollars
and thirty-four cents, according to the account annexed to the
writ. The action was duly entered ; and the parties agreed
to submit the same to an arbitrator, no claim in set-off being
then filed by the defendant. At a subsequent term of the
court, the arbitrator awarded as follows : —

"That having heard their several pleas, allegations and
arguments, and examined the account of the said Loud hereto
annexed, and compared the same with his book account, and
also examined the whole of the book account of the said
Hobart, which he then and there exhibited, and having con-
sidered the whole case, I do award and determine, and this is
my final award and determination, in the premises, that the
said Loud do recover of the said Abraham Hobart the sum of
seven dollars and fifty cents damage, or balance due him on
account, and costs of reference taxed at four dollars, the costs
of court to be taxed by the court."

The award was duly accepted, and the plaintiff thereupon
taxed full costs ; but the clerk of the court disallowed the
same, and allowed only one quarter of the amount of his
damage, for costs of court ; and the court of common pleas,
upon an appeal from the taxation by the clerk, affirmed the
same ; whereupon the plaintiff appealed to this court.

*E. Ames* and *F. A. Kingsbury*, for the plaintiff, referred to
the Rev. Sts. *c.* 121, § 21, and *Moore* v. *Heald*, 7 Mass. 467.

*J. J. Clarke*, for the defendant, said, that the arbitrator, having awarded " the costs of the court to be taxed by the court," undoubtedly intended thereby to give the plaintiff his legal costs, that is, one quarter part of the damages, and no more. Rev. Sts. *c.* 121, § 3. There is no pretence for claiming full costs, on the ground of a set-off. It is expressly stated, that no demand in set-off was filed. *Barnard* v. *Curtis*, 8 Mass. 535.

WILDE, J. The question in this case is, whether the plaintiff is entitled to full costs. The counsel for the defendant contends, that by the Rev. Sts. *c.* 121, § 3, the plaintiff is entitled to no more than a quarter part of the debt recovered. But we are of opinion, that a judgment rendered upon the report of arbitrators is not within the statute. It was so decided in the case of *Moore* v. *Heald*, 7 Mass. 467, upon the construction of a similar provision in the statute of 1807, *c.* 123.

So the provision does not extend to cases where the damages are reduced within the limits fixed by the statute, by reason of an account filed in set-off, unless it might be proved in payment of the plaintiff's demand. So it was decided in *Barnard* v. *Curtis*, 8 Mass. 535, and in *Gilman* v. *Burgess*, 12 Mass. 206.

These cases, we think, were decided according to the true construction of the former statute, and the same construction must be given to the Rev. Sts. *c.* 121. By the twenty-first section of that chapter, it is provided, that " Nothing contained in this chapter shall take away or control the power of arbitrators or referees, appointed by a rule of court or otherwise, from making such award concerning costs as justice and equity shall require."

It might, perhaps, be held, from the report of the arbitrator, that he intended to decide, that the plaintiff should recover full costs; because the costs were to be taxed by the court, and not to be limited to a quarter part of the debt. But however this may be, the section cited confirms the construction we give to the third section, as not extending to judgments ren-

dered upon the report of arbitrators. We think it also appears with sufficient clearness, that the plaintiff's claim was reduced below twenty dollars by the defendant's counter claim; and although no claim in set-off was filed in court, yet it appears by the report, that it was considered by the arbitrator, and that the sum reported as due to the plaintiff was a balance of the plaintiff's and defendant's accounts.

Upon either of these grounds, it appears to the court, that the plaintiff is entitled to full costs.